UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEPHEN GANNON, on behalf of himself and all others similarly situated,

                Plaintiff,

v.

HUN SHING CORP and H OPTICS OPTOMETRY, P.C.,

                Defendants.

22-cv-1681 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Stephen Gannon brings this disability discrimination action against Defendants Hun Shing Corp. and H Optics Optometry, P.C., who each filed cross-claims against one another. For the reasons set forth below, the Court dismisses Gannon's claims against Hun Shing and H Optics' cross-claim against Hun Shing without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

On February 28, 2022, Gannon filed a complaint against Hun Shing and H Optics, alleging violations of the Americans with Disabilities Act, the New York State Human Rights Law, the New York State Civil Rights Law and the New York City Human Rights Law. Dkt. No. 1. Hun Shing and H Optics both answered the complaint and filed cross-claims against each other. Dkt. Nos. 13, 22. After discovery began, Gannon stipulated to voluntary dismissal with prejudice of his claims against H Optics. Dkt. No. 33. Because this stipulation applied only to the claims against H Optics, it did not resolve Gannon's separate claims against Hun Shing, or the cross-claims between Hun Shing and H Optics.

Although those claims remained live, none of the parties took any action for almost two years. On March 31, 2025, the Court issued an order directing the parties' attention to the remaining claims and ordered the parties to notify the Court by April 7, 2025 whether they intended to pursue (1) Gannon's claims against Hun Shing, (2) Hun Shing's cross-claim against H Optics, and (3) H Optics' cross-claim against Hun Shing. Dkt. No. 35.

Only Hun Shing responded to the Court's order. Dkt. No. 36. It argued that Gannon lacked standing to bring his claims to begin with, and that he had abandoned those claims by failing to prosecute them in the two years prior. Id. at 2. It also stated that it would consent to discontinue its cross-claim against H Optics if all claims against it were dismissed.

Because Gannon and H Optics did not respond, the Court issued another order on April 14, 2025 directing them to file a response. Dkt. No. 37. Counsel for Gannon filed a letter stating that he had not been able to get in contact with his client and agreed that the case should be dismissed without prejudice. *Id.* H Optics did not file a response.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v.*

2

*Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.*

Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

## DISCUSSION

Several of the above factors weigh in favor of dismissing Gannon's claims against Hun Shing and H Optics' cross-claim against Hun Shing under Rule 41(b). First, the duration of Gannon's non-compliance is significant: he has not taken any action to prosecute his claims in almost two years, and did not respond to recent inquiries from his counsel. *See, e.g.*, *Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where "[t]he plaintiff has not meaningfully communicated with the defendants for over two months" and had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue"); *Toliver v. Okvist*, No. 10 Civ. 5354, 2014 WL 2535111, at *2 (S.D.N.Y. June 5, 2014) (report and recommendation) (recommending the dismissal of a case under Rule 41(b), where the plaintiff's response to a court order was five weeks overdue), *adopted*, 2015 WL 8543103 (S.D.N.Y. Dec. 10, 2015). The same is true of H Optics, who has not communicated with the Court since May 2023, despite several recent orders directing it to update the Court on the status of its cross-claim against Hun Shing. Dkt. Nos. 35, 37.

3

Second, Gannon and H Optics were both on notice that failure to prosecute their claims would result in dismissal. The Court's April 14, 2025 order explicitly warned that the action would be dismissed under Rule 41(b) if neither responded. *See Mitchell*, 708 F.3d at 468 (holding that a district court did not abuse its discretion in dismissing an action where its "detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal"). Third, Gannon and H Optics were given multiple opportunities to be heard, as evidenced by the Court's back-to-back orders directing them to update the Court on the status of their claims. Fourth, this case has been pending for three years, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In light of these considerations, the Court finds that Gannon's and H Optics' non-compliance warrants dismissal of their claims.

The Court nonetheless concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this action. *Baptiste*, 768 F.3d at 216. This action has not substantially burdened the Court's docket, as the Court has not yet decided any substantive motions, presided over any discovery or scheduled trial. And while Hun Shing urges the Court to dismiss the claims and cross-claim against it with prejudice, it does not explain how it would be prejudiced if this litigation were allowed to continue. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001) ("[T]here is no evidence in the record that plaintiff's delay . . . caused any particular, or especially burdensome, prejudice to defendants beyond the delay itself."). Accordingly, the Court finds that dismissal without prejudice is the appropriate sanction here. *See, e.g., Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process

4

and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with not activity") (cleaned up).

## CONCLUSION

For the foregoing reasons, the Court dismisses without prejudice Gannon's claims against Hun Shing and H Optics' cross-claim against Hun Shing. No later than May 19, 2025, Hun Shing shall notify the Court whether it wishes to pursue its remaining cross-claim against H Optics or instead consents to dismissal of that claim in light of this order.

SO ORDERED.

Dated:   May 5, 2025
         New York, New York

                                          Hon. Ronnie Abrams
                                          United States District Judge