UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN GANNON,<br><br>                               Plaintiff,<br><br>                   v.<br><br>HUN SHING CORP. and H OPTICS OPTOMETRY P.C.,<br><br>                               Defendants. | 22-CV-1681 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

On May 5, 2025, the Court dismissed Plaintiff Stephen Gannon's claims against Defendant Hun Shing Corp. as well as Defendant H Optics Optometry P.C.'s cross-claim against Hun Shing pursuant to Federal Rule of Civil Procedure 41(b). Dkt. No. 39. It then ordered Hun Shing to notify the Court by May 19, 2025 whether it wished to pursue its remaining cross-claim against H Optics. *Id.* at 5. After Hun Shing failed to respond, the Court warned on May 23, 2025 that its cross-claim would be dismissed under Rule 41(b) if it failed to respond. Because Hun Shing has still not filed any response, the Court dismisses its cross-claim without prejudice.

## BACKGROUND

On February 28, 2022, Gannon filed a complaint against Hun Shing and H Optics, alleging violations of the Americans with Disabilities Act, the New York State Human Rights Law, the New York State Civil Rights Law and the New York City Human Rights Law. Dkt. No. 1. Hun Shing and H Optics both answered the complaint and filed cross-claims against each other. Dkt. Nos. 13, 22. After discovery began, Gannon stipulated to voluntary dismissal with prejudice of his claims against H Optics. Dkt. No. 33. Because this stipulation applied only to the claims against H Optics, it did not resolve Gannon's separate claims against Hun Shing, or the cross-claims between Hun Shing and H Optics.

Although those claims remained live, none of the parties took any action for almost two years. On March 31, 2025, the Court issued an order directing the parties' attention to the remaining claims and ordered the parties to notify the Court by April 7, 2025 whether they intended to pursue (1) Gannon's claims against Hun Shing, (2) Hun Shing's cross-claim against H Optics, and (3) H Optics' cross-claim against Hun Shing. Dkt. No. 35.

Only Hun Shing responded to the Court's order. Dkt. No. 36. It argued that Gannon lacked standing to bring his claims to begin with, and that he had abandoned those claims by failing to prosecute them in the two years prior. *Id.* at 2. It also stated that it would consent to discontinue its cross-claim against H Optics if all claims against it were dismissed with prejudice.

Because Gannon and H Optics did not respond, the Court issued another order on April 14, 2025 directing them to file a response, and warning that failure to do so would result in dismissal of those claims under Rule 41(b) for failure to prosecute. Dkt. No. 37. Counsel for Gannon filed a letter stating that he had not been able to get in contact with his client and agreed that the case should be dismissed without prejudice. *Id.* H Optics did not file a response.

On May 5, 2025, the Court dismissed without prejudice Gannon's claims against Hun Shing as well as H Optics' cross-claim for failure to prosecute under Rule 41(b). Dkt. No. 39. It ordered Hun Shing to notify the Court by May 19, 2025 whether it wished to pursue its remaining cross-claim against H Optics. *Id.* at 5. After Hun Shing failed to respond, the Court issued another order on May 23, 2025, warning that its cross-claim would be dismissed under Rule 41(b) if it failed to respond. Dkt. No. 40. To date, Hun Shing has not filed any response.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court

order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.*

Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)). Furthermore, "a pro se litigant's claim should be dismissed for failure to prosecute 'only when the circumstances are sufficiently extreme.'" *Id.* (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

## DISCUSSION

Several of the above factors weigh in favor of dismissing Hun Shing's cross-claim under Rule 41(b). First, Hun Shing has not responded to the Court's orders in six weeks. *See, e.g.*, *Singelton v. City of New York*, No. 14-cv-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where "[t]he plaintiff has not meaningfully communicated with the defendants for over two months" and had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two

3

months overdue"); *Toliver v. Okvist*, No. 10-cv-5354 (DAB) (JCF), 2014 WL 2535111, at *2 (S.D.N.Y. June 5, 2014) (report and recommendation) (recommending the dismissal of a case under Rule 41(b), where the plaintiff's response to a court order was five weeks overdue), *adopted*, 2015 WL 8543103 (S.D.N.Y. Dec. 10, 2015).  Second, Hun Shing was on notice that its failure to comply would result in dismissal, as the Court's May 23, 2025 order explicitly warned that its cross-claim would be dismissed if it failed to respond. *See Mitchell*, 708 F.3d at 468 (holding that a district court did not abuse its discretion in dismissing an action where its "detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal").  Third, Hun Shing has been given an opportunity to be heard.  Fourth, this case has been pending for over three years, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  In light of these considerations, the Court finds that Hun Shing's non-compliance warrants dismissal.

On balance, however, the Court concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this case. *Baptiste*, 768 F.3d at 216.  Any prejudice to H Optics, the cross-claim defendant, has been minor, as it has not been substantively involved in this case for two years. *See LeSane*, 239 F.3d at 210 ("[T]here is no evidence in the record that plaintiff's delay . . . caused any particular, or especially burdensome, prejudice to defendants beyond the delay itself.").  Moreover, this action has not substantially burdened the Court's docket:  the Court has not decided any substantive motions, held any hearings, presided over any discovery or scheduled trial.  Under these circumstances, the Court finds that dismissal without prejudice is a less harsh, and more appropriate, sanction for Hun Shing's failure to communicate with the Court or to comply with the Court's orders. *See, e.g.*, *Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice to the defendant was minor, "the

lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity" (internal quotation marks omitted)); *see also* 2 Moore's Federal Practice § 19.101 ("The alternative sanctions that the court should consider include . . . dismissal without prejudice . . . .").

## CONCLUSION

For the foregoing reasons, Hun Shing's cross-claim is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

SO ORDERED.

Dated:   June 23, 2025
         New York, New York

                                        _____
                                        Hon. Ronnie Abrams
                                        United States District Judge